ORIGINAL

## HAMILTON COUNTY COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

**JASON T. VOELKERDING**
c/o M.J. Hugan, LLC
30 Garfield Place, Suite 900
Cincinnati, Ohio 45202

A 1 8 0 1 2 3 6

vs.

**COMPLAINT**

(JURY DEMAND ENDORSED)

**CITY OF CINCINNATI**
c/o Paula Boggs Muething, City Solicitor
801 Plum Street, Room 214
Cincinnati, OH 45202

and

**CIVIL SERVICE COMMISSION**
c/o Paula Boggs Muething, City Solicitor
801 Plum Street, Room 214
Cincinnati, OH 45202



D121122163 INI

FILED 2018 MAR -5 P 1:08
CLERK OF COURTS
HAMILTON COUNTY, OH
COMMON PLEAS

and

**ERGOMETRICS & APPLIED
PERSONNEL RESEARCH, INC.**
18720 33rd Avenue W
Lynnwood, WA 98037-4754

**Serve Statutory Agent:**
**Oscar Spurlin**
18720 33 rd Avenue W
Lynnwood, WA 98037-4754

Defendants.

1

Now comes the Plaintiff Jason T. Voelkerding, by and through counsel, and for his complaint against Defendants, City of Cincinnati ("City"), Civil Service Commission ("Commission"), and Ergometrics & Applied Personnel Research, Inc. ("Ergometrics") and states as follows:

1. Plaintiff Jason T. Voelkerding is a Cincinnati Police Sergeant. Plaintiff Voelkerding brings this suit as a person eligible for promotion on the Lieutenant Promotion Eligible List for Examination No. 16-00207.

2. The Defendant City of Cincinnati (the "City") is named as a Defendant herein because the conduct complained of in this Complaint was directly and proximately caused by the City.

3. The Defendant Civil Service Commission (the "Commission") is "required to administer and enforce the State Civil Service Laws and its own rules which sustain the State Civil Service Laws." Civil Service Rules, Rule 02, Section 4.

4. The Commission is named as a Defendant herein because the conduct complained of in this Complaint was directly and proximately caused by the Commission.

5. Ergometrics Applied Personnel Research, Inc., ("Ergometrics") was the administrator of the Lieutenant Examination No. 16-00207 and was responsible for the grading of all exams. Ergometrics is named as a Defendant herein because the conduct complained of in this Complaint was directly and proximately caused by Ergometrics.

6. Plaintiff Jason T. Voelkerding was a member of the 87th Police Recruit Class, graduating from the Cincinnati Police Academy on June 11, 1999. He was the Class President, Class Valedictorian, and Outstanding Student.

7. Plaintiff Jason T. Voelkerding ranked first on the Specialist Examination No. 02-11 which was held on April 6, 2002. He was promoted to Police Specialist on May 12, 2002.

8. Plaintiff Jason T. Voelkerding ranked first on the Sergeant Examination No. 02-52 which was held on November 30, 2002. He was promoted to Police Sergeant on December 17, 2002.

2

9. On June 30, 2016, the Commission certified a list of Sergeants eligible for promotion to the rank of Lieutenant (the "First Certified List"). At that time, there were two vacancies at the rank of Lieutenant.

10. On or about July 7, 2016, the First Certified List was posted and Plaintiff learned of his ranking on the First Certified List.

11. The rankings are based on each person's score on the Lieutenant exam with the person getting the highest scored being ranked first, the person with the second highest score being ranked second, and so on.

12. On July 12, 2016, Plaintiff was officially informed via email of his score and ranking on the First Certified List.

13. On July 18, 2016, Amy Luthanen, Human Resources Analyst for the City of Cincinnati Human Resources Department, sent an email to Ergometrics stating that some individuals on the First Certified List had complained about the rankings, which complaints would be heard by the Commission. She added "there are concerns about the validity of the exam process because a few candidates who are ranked higher on the list are viewed by the other candidates as less qualified for promotion."

14. On July 25, 2016, Plaintiffs received emails from Amy Luthanen stating that "[b]ased upon recent challenges presented by the participants of the 2016 Police Lieutenant Examination process, the Human Resources Department requested a complete and thorough review of the examination scores assigned to participants of this examination by the approved vendor, Ergometrics."

15. The emails on July 25, 2016, claimed that a new list had been created and would be presented to the Civil Service Commission. By these emails, Plaintiff was informed of where he was ranked on the new list: Plaintiff Voelkerding went from the only failing score to being ranked fifteenth.

3

16. On July 28, 2016, prior to any promotions having occurred, the Commission met. At that meeting, several officers expressed concerns over the scoring and promotions related to the 2016 Lieutenant exam.

17. No action was taken at the July 28 meeting to rescind or de-certify the First Certified List.

18. However, when the minutes of the July 28, 2016, Commission meeting were made publicly available in mid-late August, the minutes reflected that the Commission had rescinded the First Certified List.

19. The minutes of the July 28, 2016, Commission meeting were not approved at the subsequent meeting of the Commission on August 11, as is the Commission's practice. The minutes from the July 28th meeting were not approved until the Commission's meeting on August 25, 2016.

20. The rescission of the First Certified List in advance of July 30 was necessary because the Labor Agreement between the Fraternal Order of Police and the City of Cincinnati (the "Contract") requires that, "any vacancy in the rank of Sergeant, Lieutenant, or Captain shall be filled, within thirty (30) days, from the existing civil service promotional eligible list at the rank in effect at the time the vacancy is created, with the person in the first position on the eligibilty list."

21. The City and the Commission asked and received an explanation for Ergometrics' grading of the Lieutenant's exam, the original grading of which led to the First Certified List.

22. Ergometrics asserts that it examined its grading of the original test and

4

claimed that it made errors in the original grading.

23. Ergometrics thereupon recalculated the scores that produced the First Certified List and thereafter produced a different list of results ("Ergometrics' New List".)

24. The City and the Commission ordered an independent review of Ergometrics' scoring of the original test.

25. On September 22, 2016, the City submitted its review of the scoring of the Lieutenant exam to the Commission. With this, the City produced a new list, which is slightly Different version than Ergometrics New List, and which it claims is accurate (the "Current List".)

26. On October 6, 2016, the Commission indicated that it was expecting a new list to be presented to it at its upcoming meeting scheduled for October 20, 2016.

27. On October 17, 2016, the City sent an official notification that "the external review of the Police Lieutenant exam will be presented at the Civil Service Commission meeting this Thursday, October 20, 2016.

28. On October 20, 2016, the City Manager, Harry Black, provided a For Your Information Memo to the Mayor and Members of Council regarding an update on the Police Lieutenant Examination issue. In that memo, Mr. Black summarizes the history of issues with the Lieutenant test at issue. In addition, he specifically includes the fact that sixty candidates applied, with one candidate failing to meet the minimum qualifications. That one candidate was Jason Voelkerding.

29. Through its actions and inactions, the Defendants have humiliated and significantly damaged Plaintiff Voelkerding's reputation.

### **FIRST CLAIM FOR RELIEF**

30. By certifying the results of the 2016 Lieutenant exam, making public the First Certified List, rescinding the original results of the 2016 Lieutenant exam (in a questionable manner), and then creating the Current List with new rankings of Sergeants eligible for promotion to Lieutenant, the City and the Commission have caused humiliation and substantial reputation damage to Plaintiff. *Carey v. Piphus,* 435 U.S. 247 (1978).

### **SECOND CLAIM FOR RELIEF**

31. To the extent that Ergometrics failed to properly score the 2016 Lieutenant's exam in producing the First Certified List, or in rescoring the test, its negligence has significantly harmed Plaintiff.

WHEREFORE, Plaintiff requests judgment in accordance with the allegations in this Complaint as follows:

a) A judgment in excess of $25,000 on behalf of Plaintiff for damages arising from each of these claims by each of the Defendants.

b) A judgment in excess of $25,000 on behalf of Plaintiff because of Defendant's humiliation and damage to his reputation.

c) An award of attorney's fees including costs.

d) All further relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ M.J. Hugan*
M.J. Hugan (#0074457)
Lisa Rabanus (#0069525)
30 Garfield Place, Suite 900
Cincinnati, OH 45202
Phone: 513.651.5900
Fax: 513.651.4937
mjhugan@hugan-law.com
Lrabanus@hugan-law.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ M.J. Hugan*
M. J. Hugan (#0074457)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished upon the following this 5th day March, 2018.

City of Cincinnati
c/o Paula Boggs Muething, City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202

Civil Service Commission
c/o Paula Boggs Muething, City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202

Ergometrics & Applied Personnel
Research, Inc.
18720 33rd Avenue W
Lynnwood, WA 98037-4754

MJ Hugan